FILED

2011 Dec-21  PM 01:53
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ARTHUR ISAIAH RADCLIFF,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:11-CV-2661-VEH** |
| | ) | |
| **CYREATHA NICHELLE** | ) | |
| **RADCLIFF,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

This action was removed by Plaintiff, Arthur Isaiah Radcliff ("Plaintiff") from

the Circuit Court of Jefferson County, Alabama, on July 25, 2011.  Now pending

before the court is Plaintiff's Motion for Leave to Proceed In Forma Pauperis (doc.

2) (the "Motion"), the Report and Recommendation of Magistrate Judge John E. Ott

(doc. 5) (the "R&R"), recommending that the Motion be granted and that the case be

remanded to state circuit court because this court lacks subject matter jurisdiction.

Plaintiff has objected (doc. 8) to the R&R.  On December 5, 2011, the case was

reassigned to the undersigned judge.

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject or modify the magistrate judge's

report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted).  A district judge must review legal conclusions *de novo*, even in the absence of an objection.  *See Cooper-Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994); *Castro Bobadilla v. Reno*, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), *aff'd* 28 F.3d 116 (11th Cir. 1994).  That said, the court also acknowledges the principle that "[n]either the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (citation omitted).  Moreover, absent specific objections, there is no requirement that a district judge review factual findings *de novo*.  *See Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (noting that when a party "did not file specific objections to *factual findings* by the magistrate judge, there was no requirement that the district court *de novo* review those findings") (emphasis in original) (citations omitted).

Regarding the *de novo* review requirement in particular, the district court's

obligation is to independently review those portions of the record <u>to which objections</u> <u>are made</u>, as opposed to the entire record.  *See, e.g., Washington v. Estelle*, 648 F.2d 276, 282 (5th Cir. 1981) ("Both in his brief and at oral argument, Washington maintains that the District Court erred in reviewing *de novo* only the objected to portion of the magistrate's findings, rather than reviewing the entire record *de novo*.");[1] *id.* ("Based on the language of this order, we are convinced that the District Judge sufficiently complied with the act which requires "'a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'") (citations omitted).[2]

---

[1]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2]  In *Washington*, the district judge's order adopting the magistrate judge's proposed decision stated:

> The Court having considered the Findings and Recommendations of the United States Magistrate filed on September 19, 1979, and the Court further having reviewed and considered the written objections filed by the Petitioner herein on October 2, 1979, and <u>the Court</u> <u>having made a de novo review of the objections raised by the</u> <u>Petitioner</u> and the Court being of the opinion that the findings are correct and that the objections are without merit,
>
> IT IS, THEREFORE, ORDERED that the Findings, Conclusions and Recommendations of the United States Magistrate are adopted.

648 F.2d at 282 (emphasis added) (citation omitted).

Plaintiff raised two objections.  First, he objects that he never consented to his case being assigned to a magistrate judge.  (Doc. 8, par. 1.).  Second, he apparently disputes that 2,661 cases had been filed in the year 2011 and assigned either to Magistrate Judge Ott or the undersigned judge, or both.  (Doc. 8. par. 2.).  Neither of those objections has any bearing on whether the R&R is correctly decided.  Thus, Plaintiff has not objected to any of the factual or legal conclusions set out in the R&R.  Further, in his Objections, he "prays that this court allow plaintiff to withdraw from this removal for now in that the domestic relations circuit court has retained jurisdiction rendered and dated July 26th, 2011, and an appeal in state court has been taken and yet pending due to Plaintiff's incarceration one day after removal attempt on July 25, 2011."  (Doc. 8, p.2).  Thus, the Plaintiff has consented to remand.

Having carefully considered the materials in the court file, including the R&R and Plaintiff's objections, the court is of the opinion that the magistrate judge's report is due to be **ADOPTED** and his recommendations are due to be **ACCEPTED**. Relatedly, the court finds that the Plaintiff's objections do not controvert any of the factual findings or legal conclusions set out in the R&R and, indeed, the Plaintiff now has asked that his case be remanded to state circuit court.

Therefore, for all these reasons, the Plaintiff's Motion (doc. 2) is **GRANTED**.

Further, by separate Order, Plaintiff's case will be remanded to the Circuit Court of

Jefferson County, Alabama.

   **DONE** this the 21st day of December, 2011.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge
